## Commonwealth v. Gillin

*Marie Inyang,* deputy attorney general, for the Commonwealth.

*Larry R. McDowell,* for defendants.

BIEHN, *J.,* February 15, 1985—Defendants were each charged with three violations of the Vehicle Code to which they pleaded guilty and for which they were fined. Defendants each paid two of the fines but have contested the third. A hearing was held on January 18, 1985 for the sole purpose of determining the amount of the fine.

The issue in both cases is whether at the time of the offense, the subsequent registration of a vehicle 12 days after a citation for an offense under 75 Pa.C.S. §1301, Driving unregistered Vehicle Prohibited, reduced the fine to $25 in accordance with §1301(c).

Defendants were issued the citations on August 23, 1984. The fine set forth in each citation is $1,770 plus $17.50 court costs. The vehicles driven by defendants were registered in Pennsylvania on September 4, 1984, 12 days after the commission of the offenses.

Section 1301 makes it a summary offense to drive or knowingly consent to allow another to drive an unregistered vehicle. The penalty provision of section 1301 was amended in March of 1984 and at the time of the offense read as follows:

"(c) Penalty. — Any person violating the provisions of subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75 or double the registration fee, whichever is greater, except when the vehicle was duly registered within 60 days of the commission of the offense whereupon the fine shall be $25 . . ." March 29, 1984 P.L. 155, §1 effective in 60 days.

Defendants argue that by registering their vehicles 12 days after the citations were issued, they have complied with subsection (c) above and therefore, the fine should be $25. The Commonwealth argues that the language "duly registered within 60 days" of the offense means within 60 days *prior* to the offense only.

Under the Statutory Construction Act of December 6, 1972, 1 Pa. C.S. §1902, ". . . words used in the past or present tense shall include the future." Therefore, the phrase "when the vehicle *was* duly registered within 60 days of the commission of the offense" is easily susceptible in the context of this case to registration of the vehicle after the offense occurred. We find that the statute is, at best, ambiguous. Penal statutes are to be strictly construed in favor of the accused. Commonwealth v. Darush, 256 Pa. Super. 344, 348, 389 A.2d 1156 (1978).

Section 1301(c) was amended for a second time later in 1984 and clarified by changing the words "was duly registered" to "was previously registered," July 10, 1984, P.L. 679, §5, effective in 60 days. This may or may not have been the original intent of the legislature when it adopted the March, 1984 Amendment, but it was not clear from the statute. Obviously, in making the later amendment, the legislature either changed its mind or recognized the serious ambiguity that existed in the prior statute. In either event, defendants must prevail.

Accordingly, we enter the following

## ORDER

And now, this February 15, 1985, it is hereby ordered and directed that defendants each pay a $25 fine together with the costs.